Laura Maria Sayles *vs.* Probate Court of Burrillville.

MAY 7, 1906.

Present: Douglas, C. J., Dubois, Blodgett, Johnson, and Parkhurst, JJ.

(1) *Probate Appeal. Verdict.*

On an appeal from a decree of a Probate Court, the issue being whether the appellant is a suitable person to be appointed administratrix, a verdict finding affirmatively the facts which under the statute entitle the appellant to be appointed administratrix is in due form.

(2) *Probate Appeal. Evidence.*

On a probate appeal, the issue being whether the appellant is a suitable person to be appointed administratrix, the competency of the person appointed to such office not being disputed, evidence as to the competency of the latter properly excluded.

Appeal from decree of Probate Court. Heard on appellee's bill of exceptions after refusal of petition for new trial in Superior Court. Exceptions overruled.

(1)    Per Curiam. The issue in this case in the Superior Court, on appeal from the decree of the Probate Court of Burrillville, was whether the appellant was a suitable person to be administratrix of her father's estate. The jury found that Elliott S. Sayles died intestate, that Laura Maria Sayles was more than twenty-one years of age, was next of kin of the deceased, and was a suitable person to be the administratrix of his estate.

The exceptions are to the refusal of the court to set aside the verdict as not in proper form and because it was against

the evidence, and to the exclusion by the court of certain questions proposed by counsel for the appellees.

The verdict is in due form. It finds affirmatively the facts which, under the statute, entitle the appellant to be appointed administratrix. C. & P. Act, § 824. *Peck* v. *Greene*, 27 R. I. 487.

We think that the evidence supports the verdict.

(2)    The questions excluded, with one exception, related to the competency of Andrew Luther, whom the Probate Court had appointed, and were properly excluded, as his competency was not disputed. Also, if the appellant was a suitable person she was entitled to the appointment, and, as it is found that she was, the qualifications of Andrew Luther became immaterial.

The question to the appellant, "How many counsel have you had?" was properly excluded as immaterial.

The exceptions are overruled, and the case is remanded to the Superior Court with direction to enter a decree in accordance with the verdict.

*Comstock and Canning*, for appellant.

*Charles R. Easton*, for appellee.